IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NICHOLAS A. GEORGANTAKIS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-21-2133 |
| S VERCH, | * | |
| JOHNSON, and | | |
| BALTIMORE COUNTY DETENTION CENTER | * | |
| DEPARTMENT OF CORRECTIONS, | * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM

The self-represented plaintiff, Nicholas A. Georgantakis, has filed suit against Stephen Verch, Valkim Jonson, the Baltimore County Detention Center ("BCDC"), and the Department of Corrections, pursuant to 42 U.S.C. § 1983. ECF 1.[1] He has also submitted exhibits. Plaintiff alleges violations of his First Amendment rights.

In particular, Georgantakis contends that defendants interfered with his right to practice his religion when they refused to change his religious preference from Catholic to Jewish and refused to provide him with kosher meals. *Id.* at 2-3. He seeks, *inter alia*, to "switch [his] religious preference to Jewish" and he asks for a Kosher diet. *Id.* at 4.

Defendants filed a motion to dismiss what they regard as plaintiff's request for injunctive relief or, in the alternative, for summary judgment as to that request. ECF 10. The motion is supported by a memorandum (ECF 10-1) (collectively, the "Motion") and exhibits. These include Georgantakis's commitment record (ECF 10-2), BCDC's policies and procedures regarding

---

[1] The Clerk will be directed to correct the names of the defendants on the docket.

religious services (ECF 10-3), copies of screen shots of computer systems showing Georgantakis's status and locations (ECF 10-4, 10-6, 10-7), and a response to an inmate complaint (ECF 10-5). Georgantakis was notified of his right to respond to the motion (ECF 23) but he has not done so.

To be clear, defendants' Motion pertains only to plaintiff's request for injunctive relief. Defendants have filed an answer to the Complaint. ECF 11.

No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons discussed below, I shall deny the Motion, without prejudice to the right of defendants to renew it at the appropriate time. A scheduling order shall issue, controlling the progress of the case as to Georgantakis's claims.

## I.     Background

### A.  Plaintiff's allegations

Georgantakis alleges that while confined at BCDC in June of 2021, he filed requests for a change in his religious preference from Catholic to Jewish, but his request were denied. ECF 1 at 2-3. As a result, Georgantakis states that he was denied kosher meals and the freedom to practice his religion. *Id*. at 4. He states that he also filed an inmate complaint, to no avail. ECF 4. Georgantakis has submitted copies of his inmate complaints and responses. ECF 1-1.

In addition to money damages, plaintiff asks this court to order defendants to "stop [discriminating against] Jewish Religion, switch my religious preference to Jewish, [and] place me on kosher diet." ECF 1 at 4.

### B.  Defendants' Motion

Defendants argue that Georgantakis's request for an injunction is moot because he is no longer confined at BCDC. ECF 10-1. They state that Georgantakis was transferred to Dorsey Run Correctional Facility ("DRCF") on October 5, 2021, and thus he is no longer in the custody of

BCDC.  *Id*.  Therefore, defendants argue, Georgantakis's request for an injunction directing them to acknowledge his Jewish faith and provide kosher meals is moot, because such an order "would have no practical impact on Plaintiff."  *Id*. at 2.

## II.    Discussion

Defendants' exhibits show that Georgantakis was transferred from BCDC to DRCF on October 5, 2021.  ECF 10-7.  Defendants also submitted a copy of a search for "Nicholas Georgantakis" on the Vine website, which shows him in custody at DRCF.  However, this document is not dated and therefore is not probative as to where Georgantakis was incarcerated on any particular date.

Nevertheless, defendants argue that Georgantakis's request for an injunction is moot because he is no longer in the custody of the BCDC.  ECF 10-1.  However, it is not clear from the defense submission whether DRCF is a Baltimore County facility.  If so, plaintiff would still be subject to Baltimore County's decisions concerning his religious preferences.  After all, it is the County and its staff, not a building, that makes the decisions in issue.  Under a liberal construction of the Complaint, plaintiff could seek to pursue the identical claim for injunctive relief.

A case becomes moot when the issues presented are "no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)).  The transfer or release of an inmate from a defendant facility would render the request for injunctive relief moot.  *See Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.").  However, this court and the Fourth Circuit have made clear that transfer does not render claims for damages moot.  *See Williams v. Griffin*, 952 F.2d 820, 823

(4th Cir. 1991) (holding that transfer rendered moot a prisoner's claims for injunctive and declaratory relief, but not claims for damages); *Taylor v. Rogers*, 781 F.2d 1047, 1048 n. 1 (4th Cir. 1986) (same); *Ali v. Romero*, *et al.*, No. PWG-16-186, 2017 WL 3412078, at 2 (D. Md. 2017) (finding that Ali's requests for injunctive relief were moot once he was transferred out of PGDOC, but his "request for money damages, however, survives his transfer from the Detention Center.").

Defendants may be correct that Georgantakis was not at BCDC when they filed their Motion. Apparently, he has moved locations at least twice. But, there is nothing in the record to show that he has not returned to BCDC, will not return in the future, or is not in the custody of Baltimore County. Indeed, if the allegations in the Complaint are true, Georgantakis could still be subject to the same alleged deprivation of his First Amendment rights, either in another facility or should he return to BCDC.

In my view, the challenge to the requested relief is premature. Defendants' Motion will be denied, without prejudice to the right to refile it at a later time.

A separate Order follows.

September 2, 2022                          /s/
Date                                       Ellen L. Hollander
                                           United States District Judge